IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

JTV MFG., INC.,

       Plaintiff,

vs.

MAZAK OPTONICS CORPORATION,
an Illinois corporation, and
BRAKETOWN USA, INC.,
an Illinois corporation,

       Defendants.

No. C06-4092-MWB

**ORDER**

_____

On March 19, 2007, the plaintiff JTV Mfg., Inc. ("JTV") filed a motion (Doc. No. 15) seeking leave to amend its Complaint for the purpose of adding a new defendant, Paul Farrell. JTV initiated this action in the Iowa District Court in and for O'Brien County, Iowa, by filing a Petition for Declaratory Judgment against two defendants: Mazak Optonics Corporation ("MOC"), and "Braketown USA, Inc. d/b/a Mach-Tech, Iowa." (*See* Doc. No. 2-4) In the petition, JTV asked the Iowa court to "construe the parties' rights and duties" under a contract between JTV and MOC for the purchase of certain goods and services. (*Id.*, pp. 4-6) JTV alleged the defendant Braketown USA, Inc. ("Braketown") was "doing business under the assumed name of Mach-Tech Technical Service Team, Inc. doing business in Iowa under the name of Mach-Tech, Iowa." (*Id.*, p. 2 ¶ 3) JTV further alleged "Mach-Tech serves as a sales agent for Mazak in O'Brien County, Iowa," and it was a Mach-Tech representative who negotiated the sales contract with JTV on MOC's behalf. (*Id.*, ¶¶ 4-5) The crux of the parties' dispute is JTV's contention that the contract was cancelled, and MOC's claim that JTV owes a cancellation charge. (*Id.*, p. 3 ¶ 8)

On October 23, 2006, MOC removed the case to this court on the basis of diversity jurisdiction. (*See* Doc. No. 2-1) On November 1, 2006, MOC filed an Answer to JTV's petition. (Doc. No. 5) In its Answer, MOC admitted that Mach-Tech served as its sales agent in O'Brien County, Iowa, and a Mach-Tech representative negotiated the contract in question, obtaining the signature of JTV's agents on the contract. (*See id.*, p. 1, ¶¶ 4 & 5) MOC denied JTV's allegations regarding Braketown on the basis of lack of knowledge. (*Id.*, ¶ 3) MOC also asserted a counterclaim against JTV for specific performance of the sales contract, or alternatively for damages for JTV's unilateral cancellation of the contract, including a cancellation fee. (*Id.*, pp. 3-4)

On November 21, 2006, Braketown filed an Answer to JTV's petition for declaratory judgment. (Doc. No. 12) In its Answer, Braketown denied paragraph 3 of the petition in its entirety, thus denying it is an Illinois corporation with its principal place of business in Schaumburg Illinois; denying it does business under the name Mach-Tech Technical Service Team, Inc.; and denying it does business in Iowa under the name Mach-Tech, Iowa. Braketown further denied that Mach-Tech served as MOC's sales agent in O'Brien County, Iowa, and denied that a Mach-Tech representative obtained JTV's signature on the contract. Braketown alleged "it had no participation whatsoever in negotiating the purchase of goods on behalf of [MOC] with [JTV]," and stated "it did not act as a sales agent for [MOC] with regard to any sales of goods to [JTV]." (*Id.*, p. 2 ¶¶ 11 & 12)

In JTV's motion for leave to amend, JTV asserts Paul Ferrell is the person referenced in JTV's petition for declaratory judgment who acted "as an authorized agent for Braketown USA, Inc. d/b/a Mach-Tech Iowa." (Doc. No. 15-2, ¶ 2) JTV claims that during discovery, Braketown has denied Paul Farrell is its employee. JTV argues "Paul Farrell is a proper Defendant in this litigation for the reason that he is, in fact, the sales agent operating under the name of Mach-Tech, Iowa, who did negotiate the

2

proposed sale of the equipment in question and did, in fact, obtain Plaintiff's authorized agent's signature on the [contract] which is the subject of this litigation." (*Id.*, ¶ 5)

The allegations JTV seeks to add to its complaint are as follows:

> 10. Paul Farrell is an individual residing in Polk County, Iowa, operating under the business name Mach-Tech, Iowa.
>
> 11. Paul Farrell negotiated the proposed sale of equipment from [MOC] to [JTV] and obtained [JTV's] signature upon the [contract] which was attached to the original Petition and made a part thereof.
>
> 12. Paul Farrell is an interested party in this litigation for the reason that he would not be entitled to a commission for the sale in question if the Plaintiff's Complaint is granted.

(Doc. No. 15-1, p. 2 ¶¶ 10-12)

MOC resists JTV's motion to amend, arguing the only reason JTV seeks to add Paul Farrell as a defendant is to destroy diversity jurisdiction. JTV points out that the contract in question is a contract between MOC and JTV; those parties are the only parties referred to anywhere in the contract; and Paul Farrell is not identified anywhere in the contract documents, nor was he a party to the contract. MOC argues, therefore, that JTV's proposed amended pleading fails to state a cause of action against Farrell, alleging only "that Farrell is an interested party who may stand to lose a commission if JTV is successful in this action." (Doc. No. 18-2, p. 3) MOC argues that at most, Farrell is simply a potential witness in this action, not a proper or necessary party to the action. (*Id.*, p. 4)

The court finds, without concluding, that although Farrell might be a *proper* party to this action (an assertion that remains unclear based on the facts before the court), he nevertheless is not a *necessary* party to the action. Under Iowa law, Farrell likely would be bound by a declaratory judgment that the contract in question was cancelled and JTV owes nothing to MOC under the contract, preventing Farrell from seeking damages from JTV for his loss of any commission on the aborted sale of goods. In *Opheim v. American*

3

*Interinsurance Exchange*, 430 N.W.2d 118 (Iowa1988), the Iowa Supreme Court noted that significant differences exist between the Iowa rules and the rules in numerous other states governing issue preclusion in declaratory judgment actions. The court observed that although some courts hold or imply that "all persons interested in the declaration are *necessary*, and not just *proper*, parties," the same is not true in Iowa. *Id.*, 430 N.W.2d at 121 (emphasis by the court). *See also Iowa Mutual Ins. Co. v. McCarthy*, 572 N.W.2d 537 (Iowa 1997) (discussing *Opheim* in context of case in which third party actually was a party to the declaratory judgment action).

Although, as MOC notes, "JTV's actions may be charitable in seeking to add Farrell []as a defendant so that he may not lose an alleged commission" (Doc. No. 18-2, p. 3), the court finds Farrell's presence in the action is unnecessary. Although Farrell might be a proper party to the action should he seek to intervene, *see* Ia. R. Civ. P. 1.1102, JTV has failed to show good cause to add Farrell.

Accordingly, JTV's motion for leave to amend its petition for declaratory judgment is **denied**. MOC's motion for oral argument on the motion also is **denied**.

**IT IS SO ORDERED.**

**DATED** this 3rd day of April, 2007.

*/s/ Paul A. Zoss*
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT